The opinion of the court was delivered by
Breaux, J.
Plaintiffs allege that they are the collateral heirs of the late J. B. Wiltz, and institute this action to annul his will.
It bears date March 31, 1879.
The testator had no forced heirs.
He bequeathed all his property to his surviving widow.
The grounds of nullity alleged are substantially:
That it was not dictated to a notary; that it was not signed in the-presence of witnesses; that the names to the testament were of witnesses called upon by the notary, who signed in the absence of the testator, and did not even know that they were signing an act-purporting tó be a last will.
That it does not contain certain essential recitals, such as that-the testator signed it at all, or that he signed it in the presence of witnesses.
That the inventory shows assets in the sum of 15732.50 to be distributed.
The defendant, alleged legatee, denies plaintiffs’ allegations and denies specially that plaintiffs are the heirs at law of the testator.
She alleges that the will was executed before a competent notary,, in the presence of five witnesses; that it was nuncupative by public-act.
In the alternative she alleges that if the will is not good and valid as a testament by public act, it is valid and legal as a nuncupativetestament under private signature.
She prays that plaintiffs’ demand be rejected and that there be-judgment in her favor maintaining the validity of the testament and decreeing her the sole owner.
The inventory of the community property between the late J. B. Wiltz and his wife, now the defendant, amounted, in the parish of *1130 Sfc. Martin, to the sum of $2811.25, consisting of property movable and immovable in that parish.
In the parish of Calcasieu the inventory of property, part of which is described as community and part as separate, amounted to the sum of $2924.
The testament is written in French, from which we extract and translate:
Appeared before me at my office John Baptiste Wiltz, proprietor, domiciled in the parish of St. Martin, who dictated his testament to me in the presence of the undersigned witnesses, as follows, to-wit:
I give and bequeath to my wife, Amelina Barras, all the property in my possession at my death, to be owned and disposed of by her.
This testament was dictated by the testator to the undersigned notary, in presence of the witnesses, and the notary wrote it as dictated in presence of the witnesses, and read it to the testator in presence of the witnesses.
These formalities were followed in the presence of the witnesses, without interruption and without turning to other acts.
The witnesses and the notary, in the presence of each other, and the testator, signed the act on the 31st day of March, 18*79.
Two of the witnesses have died since, one could not be found, and two have testified on the trial.
The latter testified that their signatures as witnesses to the will are genuine, but that they never were witnesses to a testament of the defendant, never were present at the dictation of a will by him, and never were in the notary’s office while such a will was being dictated.
The testimony of the notary was ruled out on the ground, inter alia, that he could not be heard in proof of essential formalities not stated in the testament itself.
To the ruling a bill of exceptions was taken on the ground that such was not the purpose.
Jurisdiction Rations Materi®.
Plaintiffs and appellees in this court move for a dismissal of the appeal, on the ground that the court is without jurisdiction ratione materise.
The petition for orders to take inventories, in general terms, refers to property of the community; the order on this petition was issued *1131 to make an inventory and appraisement of all the property of the estate.
In the no Gary’s proces verbal of the inventory, part of the property is described as belonging to the community, part as belonging to the •separate estate of the deceased, and part of the property to the defendant personally.
These inventories are ex parte, and do not of themselves fix the ownership of the property.
The jurisdictional allegation of plaintiffs, based upon the inventories, sets forth that the community property amounts to the sum already stated and which is within this court’s jurisdiction.
For the purpose of establishing jurisdiction, plaintiffs are bound by their allegations supported by inventories of the property.
They have alleged a total representing community assets.
The inventories, as made, do not make it apparent that their allegation is erroneous.
The question at this time is one of fact, and does not present an issue of ownership, which necessarily must be left to future settle - ment, and not prejudiced by our conclusion maintaining jurisdiction.
The interpretation placed by the plaintiffs upon the recitals and description of the inventories in alleging in reference to jurisdiction only, is sufficient to maintain the jurisdiction for which the defendant contends. She is the only other interested party in the property.
The plaintiffs having alleged that the community property amounted to more than $5000, and this allegation appearing correct, we will not dismiss the appeal on the motion filed.
Proof of Heirship.
The defendant’s first contention is that the heirship of the plaintiffs being denied, they must be held to the proof of heirship, and that as they failed to offer any evidence upon this issue, she is entitled to judgment.
In Blair’s Heirs vs. Wade’s Heirs, 1 La. 113, the defendants in their answer denied in express terms the capacity and quality of the plaintiffs, named as heirs.
On the trial no evidence was offered to prove heirship.
In the appellate court their counsel relied on the order of the *1132 court below, by which they were permitted to prosecute the suit in the capacity assumed, as dispensing them from proof of heirship.
It was held that this ground was not tenable. The order of the court authorizing them to prosecute the suit as heirs is generally made ex parte, says the court, on the mere' suggestion of the party interested to obtain it unsupported by any evidence.
“ The answer explicitly required proof of heirship on the part of the appellees, and as they failed to make it, the judgment of the District Court must be reversed.”
The judgment in this case was one of non-suit.
In Bennet vs. Cignoni, 41 An. 1146, the defendant denied that plaintiff was a legitimate son, as a defence.
The court said that he had not made out his case and dismissed his suit-
The plaintiffs to sustain their suit and to meet defendant’s contention refer to a number of decisions.
The first in order of time is the case of Parish of St. John ex rel. Parish Treasurer vs. Shexnaydre, 34 An. 850, from which we quote:
‘ ‘ The exception as to the right of the parish treasurer to sue for and recover such fine came too late, having been made after default. Besides he denied his authority in the premises under the ordinance in question as well as from R. S., Sec. 2641,” empowering each officer to direct prosecutions for all debts due the parish.
The case is not analogous. The question was one exclusively of capacity, which was maintained by the court upon grounds entirely different from those involved in the case at bar.
All the other decisions to which our attention is invited by plaintiff’s counsel support the proposition that objection to plaintiff’s capacity must be pleaded in limine when he sues in a representative capacity.
Not one relates to the necessity of proving heirship when denied in the answer.
Those decisions referred to by us are directly in point and support the proposition that plaintiff’s ¡authority to sue as an heir must be proved when specially denied in the answer.
The authority of the heir is not representative, but is connected with or part of the right of action to recover, and must be proved, being intimately connected with the claim.
The prayer of the answer, that the plaintiff’s demand be rejected *1133 and that her title under the will be recognized, is not a waiver of the special denial, or an admission of plaintiff’s right to sue. This demand did not change the onus of proof, or relieve the plaintiff from proving the authority of an heir to sue, where authority is specially placed at issue.
In thus pleading for title under the will, defendant does not admit that which she expressly denies — that is, the heirs’ authority to sue.
We will not depart from the authority upon this point laid down in a number of decisions, but we will not extend it further than to dismiss the action.
The failure to make the proof required does not divest the plaintiffs of their rights in a future action.
In every suit, and particularly in litigation arising in the settlement of estates, useless delays should be avoided and the rights of parties finally determined in accordance with the forms and the terms required; we will, therefore, pass upon and decide questions brought up in a bill of exceptions, for it may obviate the necessity of remanding the case, should another appeal be taken.
Part of the excluded testimony of the notary is admissible — that is, that which does not add to, vary, explain or contradict the will.
Certain of the excluded questions propounded were directed to certain statements and declarations in the will.
The testimony of the witnesses to the will should not be considered final.
Other witnesses may be heard upon the subject if they do not contradict the terms of the will.
To illustrate, we will mention that the notary can not be heard to testify that the testator-signed the will, it being silent upon the subject, but he is a competent witness to support the defence that witnesses did sign, as declared in the will.
It is therefore adjudged and decreed that the judgment of the court below be avoided, reversed and annulled.
It is further adjudged and decreed that judgment as in ease of non-suit be entered against the plaintiff and appellee with costs in both courts.