On Rehearing.
LAND, J.
The answer denied that the relator was the owner of the warrants located by John Laidlaw, and that the relator was the heir or the legal representative of the said Laidlaw.
[2] On the trial, the relator offered in evidence a certain instrument signed by certain persons, claiming to be the sole heirs of John Laidlaw, purporting to sell, convey, and assign the said warrants to the relator. But the relator adduced no evidence to prove that his vendors were the heirs of said Laid-law. The warrants were located by John Laidlaw in July, 1860. The right to relocate the warrants vested in his succession. The evidence does not show when John Laidlaw died, or who were his legal heirs, successors, or legal representatives.
[3] The relator, in his petition, claims ownership of the original warrants, but does not disclose the origin of his title. As land warrants are not negotiable instruments in favor of bearer, relator’s possession of them is no evidence of legal title. As to the assignment of the warrants, the heirship of relator’s vendors being a necessary link in his chain of title should have been proven with legal certainty. Solari v. Barras, 45 La. Ann. 1132, 13 South. 627. As the defect in the evidence may hereafter be supplied, we think that the judgment should be one of nonsuit.
It is therefore ordered that our former decree herein be reformed so as to read: The judgment appealed from is amended so as to dismiss this suit as in case of nonsuit, and as thus amended is affirmed; cost of appeal to be paid by plaintiff and appellant.
PROYOSTY, J., recused.